UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TURTLE ISLAND FOODS SPC | * | CIVIL ACTION |
| VERSUS | * | NO. 20-00674-BAJ-EWD |
| MICHAEL G. STRAIN, *in his official capacity as Commissioner of Agriculture and Forestry* | * * | |

\* \* \*

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes the defendant Michael G. Strain, in his official capacity as Commissioner of the Department of Agriculture and Forestry, and in response to plaintiff's complaint, states:

1. Defendant admits that plaintiff brings this action to challenge the constitutionality of Louisiana's 2019 legislative Act No. 273, codified in LSA R.S. §3:4741-4746 ("Act 273") but denies that the legislative act is unconstitutional on its face or as it may be applied.

2. Defendant denies that the Act 273 imposes broad speech restrictions and states that the act properly addresses a valid and legitimate legislative goal. The remainder of the allegations are denied.

3. Defendant denies that appropriate enforcement of Act 273 would prohibit the marketing of the products described in this paragraph but defendant admits the language of the act regarding the penalties and its effective date. Defendant has not yet sought to enforce the provisions of the act and is in the process of developing rules and regulations for publication.

4. Defendant denies the allegations of sweeping restrictions on commercial speech and further, denies that the act prohibits the sharing of truthful or non-misleading information. Defendant also denies the remaining allegations of the paragraph.

5. Defendant denies that the provisions of Act 273 create confusion, suppresses competition and denies that it violates provisions of either the First or the Fourteenth Amendment. Defendant also denies the remaining allegations of this paragraph.

6. Defendant admits that plaintiff seeks injunctive and declaratory relief but denies that such relief is due. Defendant denies that Act 273 is unconstitutional on its face or as it may be applied.

7. Defendant denies the jurisdiction of this court because he denies that this lawsuit is actually a case or controversy or that plaintiff has standing to bring this action.

8. Defendant admits the general authority of this court to grant declaratory relief but denies that the law and facts of this action warrant such relief.

9. Defendant denies the allegations of this paragraph.

10. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief therein.

11. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief therein.

12. Defendant admits that he is the Commissioner of the Department of Agriculture and Forestry for the State of Louisiana and that certain provisions of Act 273 charge him with the duty of enforcement. Louisiana law does not specifically charge him with defending the constitutionality of acts of the Louisiana legislature.

13. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

14. Defendant denies the allegations of this paragraph due to a lack of sufficient Information in order to justify a belief.

15. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

16. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

17. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

18. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

19. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

20. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

21. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

22. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

23. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

24. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

25. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

26. Defendant admits that the U.S. Food and Drug Administration regulates certain food labels but asserts that federal regulation does not deny Louisiana the right to regulate labeling of food products.

27. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

28. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

29. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

30. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

31. Defendant admits that the Federal Trade Commission enforces certain commercial conduct but asserts that enforcement does not deny Louisiana the right to regulate the labeling of food products.

32. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

33. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

34. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

35. Defendant admits that Louisiana regulates labeling of food and other products.

36. Defendant admits that Louisiana regulates labeling of food and other products.

37. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

38. Defendant admits that the governor signed the senate bill creating Act 273 and the codification of its provisions.

39. Defendant admits the language of Act 273 and the statutes it creates.

40. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

41. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

42. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

43. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

44. Defendant admits that the act became effective on October 1, 2020.

45. Defendant admits the language of Act 273 which of course is the best evidence of its contents.

46. Defendant admits the language of Act 273 which of course is the best evidence of its contents.

47. Defendant admits the language of Act 273 which of course is the best evidence of its contents.

48. Defendant admits the language of Act 273 which of course is the best evidence of its contents.

49. Defendant admits the language of Act 273 which of course is the best evidence of its contents.

50. Defendant admits the language of Act 273 which of course is the best evidence of its contents.

51. Defendant admits the language of Act 273 which of course is the best evidence of its contents.

52. Defendant admits the language of Act 273 which of course is the best evidence of its contents.

53. Defendant admits the language of Act 273 which of course is the best evidence of its contents.

54. Defendant specifically denies the allegations of this paragraph.

55. Defendant specifically denies the allegations of this paragraph.

56. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

57. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

58  Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

59. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

60. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief.

61. Defendants specifically denies the allegations contained in this paragraph.

62. Defendants specifically denies the allegations contained in this paragraph.

63. Defendants specifically denies the allegations contained in this paragraph.

64. Defendants specifically denies the allegations contained in this paragraph.

65. Defendants specifically denies the allegations contained in this paragraph.

66. Defendants specifically denies the allegations contained in this paragraph.

67. Defendants specifically denies the allegations contained in this paragraph.

68. Defendants specifically denies the allegations contained in this paragraph.

69. The allegations of this paragraph need not be admitted nor denied.

70. The allegations of this paragraph need not be admitted nor denied.

71. Defendant admits that under federal law, commercial speech can be regulated but denies the remaining allegations of this paragraph.

72. Defendant admits that under federal law, commercial speech can be regulated but denies the remaining allegations of this paragraph.

73. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief therein. Defendant also states that certain labeling of plaintiff's products is not misleading.

74. Defendant denies the allegations of this paragraph due to a lack of sufficient information in order to justify a belief therein.

75. Defendant admits that federal law allows Louisiana to regulate certain commercial speech but denies the remaining allegations in this paragraph.

76. Defendant admits that federal law allows Louisiana to regulate certain commercial speech but denies the remaining allegations in this paragraph.

77. Defendant denies the allegations of this paragraph and states that Act 273 is not unconstitutional either on its face or in the way it may be applied. The provisions of Act 273 have not yet been applied as rules and regulations concerning its enforcement have not yet been promulgated.

78. Defendant specifically denies the allegations contained in this paragraph.

79. Defendant specifically denies the allegations contained in this paragraph.

80. Defendant specifically denies the allegations contained in this paragraph.

81. Defendant specifically denies the allegations contained in this paragraph.

82. The allegations of this paragraph need not be either admitted or denied.

83. Defendant admits that federal laws do not disallow Louisiana the right to regulate certain commercial speech and deny the remaining allegations of this paragraph.

84. Defendant admits that federal laws do not disallow Louisiana the right to regulate certain commercial speech and deny the remaining allegations of this paragraph.

85. Defendant admits that federal laws do not disallow Louisiana the right to regulate certain commercial speech and deny the remaining allegations of this paragraph.

86. Defendant admits that federal laws do not disallow Louisiana the right to regulate certain commercial speech and deny the remaining allegations of this paragraph.

87. Defendant admits that federal laws do not disallow Louisiana the right to regulate certain commercial speech and deny the remaining allegations of this paragraph.

88. Defendant admits that federal laws do not disallow Louisiana the right to regulate certain commercial speech and deny the remaining allegations of this paragraph.

### AND NOW IN FURTHER ANSWERING DEFENDANT STATES:

89. Defendant states and asserts that at no time has any constitutional right of plaintiff been violated or infringed. There has been no enforcement of Act 273 against plaintiff nor against anyone. The rules and regulations necessary to enforce the provisions of Act 273 have not yet been promulgated and plaintiff has not been threatened with any enforcement action.

90. Since plaintiff has not been charged with any violation of Act 273, nor even threatened with any such charge, this action *de facto* simply seeks an advisory opinion of this court as to whether or not its labels would or may violate Act 273. As such, this action does not present an actual case or controversy. *U.S. Constitution Art. III §2.* Since there is no case or controversy, this honorable court lacks subject matter jurisdiction.

91. Plaintiff does not have standing to bring this action since it has suffered no injury or violation of a protected interest. Any suggested enforcement action against plaintiff is conjectural or hypothetical. Plaintiff has the burden of establishing its standing and has not done so.

92. Plaintiff has not established or even alleged that its labels fall within the ambit of enforcement of the provisions of Act 273. As such, it lacks standing to bring this action.

93. The facts alleged in this complaint indicate that even if standing exists, the issues presented are not ripe for consideration by this court and would constitute a mere impermissable advisory opinion by this court.

94. In the alternative, defendant pleads the imposition of the doctrine of abstention. *R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941). If the labels at issue do not violate the provisions of Act 273, then there clearly is no action to be taken, injunctive or otherwise, by this court. The state courts are arguably in a better position to interpret state law if this law needs to be interpreted.

95. Act 273 is not unconstitutional on its face. Plaintiff cannot establish that under no set of circumstances would Act 273 be a valid restriction of commercial speech by Louisiana's legislature. Further, the provisions of Act 273 are not overbroad and address an appropriate legislative objective.

96. Act 273 is not unconstitutional as applied. First, it has never been applied. Second, to be in violation of the provisions of the act, plaintiff's labeling must violate those provisions. Plaintiff does not allege that they do.

97. Defendant asserts and states that injunctive relief under the law and facts presented would be inappropriate as Act 273 is not unconstitutional, plaintiff has not been threatened with a charge that its labels violate the law's provisions and plaintiff is not likely to succeed on the merits of its challenge or constitutional claims. A balance of equities are in favor of defendant.

98. The provisions of Act 273 serve to advance an appropriate and valid interest of Louisiana in prohibiting deceptive labels and advertising in commercial speech and successfully meets all requirements applicable to restricting such commercial speech. *Central Hudson Gas & Elec. Corp. v. Public Serv. Commission*, 447 U.S. 557 (1980)

99. Defendant asserts all immunities available including qualified immunity and sovereign immunity.

**WHEREFORE**, defendant prays that this answer be deemed good and sufficient and that after all due process, plaintiff's claims of federal jurisdiction be denied and in the alternative, that after all due process, its claims for injunctive and declaratory relief be denied at their costs and for appropriate attorney's fees.

BERRIGAN LITCHFIELD, LLC

_____
E. JOHN LITCHFIELD (#8622)
MICHAEL J. MARSIGLIA (30271)
201 St. Charles Avenue, Suite 4204
New Orleans, LA 70170
Direct: (504)799-6370
Fax: (504)617-7644
jlitchfield@berriganlaw.net
Mmarsiglia@berriganlaw.net
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically upon all counsel of record on this 23rd day of November, 2020.

_____
E. JOHN LITCHFIELD

I:EJL LA DEPT OF AGRICULTURE Turtle Pleadings Answer wpd