UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TURTLE ISLAND FOODS SPC**<br><br>VERSUS<br><br>**MICHAEL G. STRAIN,**<br>*in his official capacity as Commissioner of Agriculture and Forestry* | CIVIL ACTION NO.<br><br>20-00674-BAJ-EWD |

# STATUS REPORT

**A.   JURISDICTION**

This action arises under the Constitution of the United States and the provisions of 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a).

Defendant contests the jurisdiction of this court solely based upon his position that there is no actual case or controversy at issue.

**B.   BRIEF EXPLANATION OF THE CASE**

Plaintiff claims:

This is a civil-rights action challenging the constitutionality of Louisiana's 2019 Act No. 273, codified at Louisiana Rev. Stat. §§ 3:4741–4746 ("Act 273" or "the Act"). The Act imposes broad speech restrictions against food producers, prohibiting them from "[r]epresenting a food product as meat" if it is not derived from an animal carcass. It also prohibits food producers from using any language that "has been used or defined historically" in reference to certain state-favored "agricultural products," including meat products. The Act would prohibit the Plaintiff, Tofurky, from marketing or selling any of its products in Louisiana, including for example

"plant-based burgers," "plant-based ham style roast," and "plant-based jumbo hot dogs." If Tofurky continued to market or label its products in violation of the Act, the company would face civil penalties of $500 per violation per day. The Act is effective October 1, 2020. The Act imposes sweeping restrictions on commercial speech. It prohibits companies from sharing truthful and non-misleading information about their products while doing nothing to protect the public from any conceivable harm. And it does so with the clear purpose of suppressing free market competition for the benefit of specific state-defined competitors. In so doing, the Act violates the Free Speech Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment. Plaintiff Tofurky seeks injunctive and declaratory relief under 42 U.S.C. § 1983 because the Act is unconstitutional on its face and as applied.

1. Defendant claims:

Defendant denies that Act 273 is unconstitutional either a) on its face or b) as it is applied. It is not unconstitutional on its face because the Louisiana legislature has at the very least, one legitimate interest in enacting it and in seeking to prohibit certain commercial speech, i.e., the protection of the public in not allowing false or misleading claims upon the packaging of certain food products. It is not unconstitutional as applied because it has never been applied nor has the defendant completed the process of establishing rules and regulations for its application.

Lastly, the defendant posits that the labels made the basis of this lawsuit and more fully described and used as exemplars in the complaint are not prohibited under Act 273. This is the basis for defendant's challenge to this court's jurisdiction, i.e. there is no case or controversy at issue.

**C.   PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s): None.

**D.   ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

Whether Louisiana's 2019 Act No. 273, codified at Louisiana Rev. Stat. §§ 3:4741–4746 (the "Act") violates the Free Speech Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment, and whether Plaintiff is entitled to an award of costs and attorneys' fees under 42 U.S.C. § 1988. These issues are in dispute.

**E.    DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1.    Plaintiff's calculation of damages:

The Act exposes Tofurky to the substantial risk of ruinous civil penalties and injunctions against its products. The Act significantly hinders Tofurky's nationwide packaging and marketing of its products. To comply with the Act, Tofurky must now: (1) choose to continue to have its products sold in the State of Louisiana as packaged, at substantial risk of ruinous civil liability; (2) design, produce, and distribute different, specialized marketing and packaging for its products destined for Louisiana, creating a logistical nightmare in distribution channels that service neighboring states or with online retailers that reach Louisiana consumers; (3) change the entirety of its marketing and packaging nationwide to comply with the Act, at considerable expense; or (4) refrain from marketing or selling its products in Louisiana at all, including in non-Louisiana media markets and online advertisements that may reach Louisiana consumers. Each of these options puts Tofurky at a significant commercial disadvantage. Retail chains that operate in Louisiana as well as other states may be less likely to carry plant-based meat products, including Tofurky's, if they cannot do so in the same manner and using the same distribution channels in all of their stores. Compliance with the Act may damage the goodwill and brand

recognition Tofurky has worked hard to build with consumers and may also create bad will for Tofurky. Similarly, customers may be confused or frustrated by the counterintuitive and vague labeling that would be necessary to comply with the Act. Tofurky may also be liable under the Act for its media advertising in other states that reaches Louisiana markets, including regional and national advertising that reaches Louisiana through print, television, radio, and the internet. In all these ways, the Act significantly hinders Tofurky's exercise of commercial free speech in its nationwide packaging and marketing of its products.

  2. Defendant's calculation of offset and/or plaintiff's damages:

Defendant's position is that plaintiff has suffered no damages or other loss nor will it as its complaint is currently postured.

  3. Counterclaimant/cross claimant/third party's calculation of damages: N/A.

**F. SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

None.

**G. DISCOVERY**

  1. Initial Disclosures:

    a. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    No.

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the

       scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

    b.    Do any parties object to initial disclosures?

        No.

For any party who answered *yes*, please explain your reasons for objecting.

2.    Briefly describe any discovery that has been completed or is in progress:

No discovery has taken place thus far.

3.    Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

None.

4.    Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): None to date.

By defendant(s): None to date.

**H.    PROPOSED SCHEDULING ORDER**

1.    If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: N/A.

2.    Recommended deadlines to join other parties or to amend the pleadings: December 31, 2020.

3.    Filing all discovery motions and completing all discovery except experts: March 1, 2021 (COVID-19 affected).

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

   Plaintiff(s): February 1, 2021 (to be extended if necessary due to COVID-19).

   Defendant(s): March 1, 2021 (to be extended if necessary due to COVID-19).

5. Exchange of expert reports:

   Plaintiff(s): April 1, 2021 (to be extended if necessary due to COVID-19).

   Defendant(s) May 1, 2021 (to be extended if necessary due to COVID-19).

6. Completion of Discovery from Experts: June 1, 2021 (to be extended if necessary due to COVID-19).

7. Filing dispositive motions and Daubert motions: March 1, 2021

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[3] The parties should not provide any proposed dates for these remaining deadlines.

   a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

   b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

   c. Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

   d. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

  e. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

  f. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

  g. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case

## I. TRIAL

1. Has a demand for trial by jury been made?

  No.

2. Estimate the number of days that trial will require.

  N/A

## J. OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

No.

  i. If the answer is *yes*, please explain:

  ii. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

  Yes.

**K.    SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

    None to date.

2. Do the parties wish to have a settlement conference:

    No.

    If your answer is yes, at what stage of litigation would a settlement conference be most beneficial?

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

    All parties agree to jurisdiction by a Magistrate Judge of this court:

    No.

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: December 15, 2020.

Respectfully Submitted,

| | |
|---|---|
| */s/ Tarak Anada* | */s/ E. John Litchfield* |
| TARAK ANADA (#31598) | E. JOHN LITCHFIELD (#8622) |
| MICHAEL A. FOLEY (#35774) | MICHAEL J. MARSIGLIA (#30271) |
| Jones Walker LLP | BERRIGAN LITCHFIELD, LLC |
| 201 St. Charles Avenue, Suite 4400 | 201 St. Charles Avenue, Suite 4204 |
| New Orleans, Louisiana 70170 | New Orleans, Louisiana 70170 |
| Telephone: (504) 582-8322 | Telephone: (504) 799-6370 |
| Facsimile: (504) 589-8322 | Facsimile: (504) 617-7644 |
| E-mail: tanada@joneswalker.com | E-mail: jlitchfield@berriganlaw.net |
|        mfoley@joneswalker.com |        mmarsiglia@berriganlaw.net |

-and-                                                       *Attorneys for Defendants*

SCOTT L. STERNBERG (#33390)
GRAHAM H. WILLIAMS (#37731)
Sternberg, Naccari & White, LLC
935 Gravier Street, Suite 2020
New Orleans, LA 70112
Telephone: (504) 324-2141
Facsimile: (504) 534-8961
E-mail: scott@snw.law
       graham@snw.law

*Attorneys for Turtle Island Foods, SPC*