**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TURTLE ISLAND FOODS SPC** <br> **D/B/A TOFURKY COMPANY,** <br><br> Plaintiff, <br><br> v. <br><br> **MICHAEL G. STRAIN**, in his official capacity as Commissioner of Agriculture and Forestry, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 3:20-cv-00674 <br> ) <br> ) <br> ) **CHIEF JUDGE BRIAN A. JACKSON** <br> ) <br> ) <br> ) **MAGISTRATE JUDGE ERIN** <br> ) **WILDER-DOOMES** <br> ) <br> ) |

**PLAINTIFF'S POST-HEARING BRIEF**

Plaintiff, Turtle Island Foods SPC d/b/a Tofurky Company ("Tofurky"), respectfully submits this memorandum to further establish its standing to bring this suit and in response to the Court's Minute Entry (Doc. 49). Tofurky has credibly alleged it faces a threat of future enforcement of the Act. The State's tepid assurance that Tofurky's *current* labeling—but not all the labeling in its product lines—is not violative of the Act is not sufficient to deprive Tofurky of standing, as Tofurky's future speech has been indisputably chilled.

For purposes of this memorandum, only a few points are relevant. First, Tofurky "produces and packages plant-based meat products are that are marketed and sold in Louisiana and nationwide" and generates labels and marketing materials for those products.[1] Second, Tofurky "has refrained from using certain words and images on marketing materials and packages and has removed videos from its website and social media in response to the Act."[2]

---

[1] Doc. 37-1.
[2] Doc. 37-1.

{N4490010.1}                                                1

In an attempt to subvert Tofurky's standing, while simultaneously clinging to the enforceability of the Act, the State has submitted that "LDAF staff has reviewed the labels of plaintiff Tofurky and has determined that the labels presented to the court do not violate the provision of this Act."[3] Importantly, the State's limited statement is ***not a wholesale abandonment of the Act***; it is a narrowly tailored concession regarding *only* those Tofurky labels used as examples—illustrative, and expressly not all-inclusive—in the Complaint submitted to the Court.[4] Because there is a substantial threat of future enforcement, Tofurky has standing.

## LAW & ARGUMENT

"To establish standing, a plaintiff must demonstrate an 'injury in fact' that (1) is 'concrete and particularized' and 'actual or imminent'; (2) is fairly traceable to the defendant's actions; and (3) is likely to be redressed by a favorable decision.[5] At the hearing on the cross motions for summary judgment (Docs. 36 & 37), the Court focused on the injury in fact requirement, which is the sole element of standing that the State alleges is not met.[6] The Court specifically referenced *Barilla v. City of Houston, Texas*[7] when requesting additional briefing. *Barilla* is an appropriate guidepost and demonstrates why Tofurky has standing here.

In *Barilla*, the Fifth Circuit was faced with a pre-enforcement First Amendment challenge to a Houston ordinance restricting busking (performing music while soliciting tips).[8] The City of

---

[3] Doc. 36-3.
[4] Of note, Paragraph 58 of the Complaint (Rec. Doc. 1) states "Labels for all Tofurky products include modifiers like 'veggie,' 'vegan,' and 'plant-based' that clearly indicate that the products do not contain meat from any of the 'animal carcasses' specified by the Act. To illustrate, some of Tofurky's current packaging appears as follows:" The next paragraph shows the ostensibly non-violative examples to which the State now clings.
[5] *Barilla v. City of Houston, Texas*, 13 F.4th 427, 431 (5th Cir. 2021) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).
[6] As in the *Barilla* case, Tofurky alleges that the Act causes it to self-censor, and a ruling in its favor would prohibit the State from enforcing the Act, fulfilling the traceability and redressability requirements. *See Barilla*, 13 F.4th 427, 431 n.1.
[7] 13 F.4th 427 (5th Cir. 2021)
[8] *Id*.

Houston moved to dismiss based on a lack of standing. The district court dismissed, finding that the plaintiff failed to establish an injury in fact. On appeal, the Fifth Circuit reversed, focusing on the injury in fact analysis, and noting that "[i]n pre-enforcement cases alleging a violation of the First Amendment's Free Speech Clause, the Supreme Court has recognized that chilled speech or self-censorship is an injury sufficient to confer standing."[9] The court further noted that a plaintiff need not be arrested or charged to have standing but may establish standing by showing that he "(1) has an intention to engage in a course of conduct arguably affected with a constitutional interest, (2) his intended future conduct is arguably proscribed by the policy in question, and (3) the threat of future enforcement of the challenged policies is substantial."[10]

In the case at hand, it is unrefuted that Tofurky would have used certain marketing words and images but for the existence of the Act.[11] There is no dispute that Tofurky's intended future conduct constitutes protected commercial speech and thus is affected with a constitutional interest. As described in Tofurky's previous briefs, both its current and intended speech is proscribed by the Act because the Act prohibits representing plant-based products like Tofurky's using terms the Act *defines* as applying only to products derived from slaughtered animals, without providing any safe harbor for labels that make clear that products are derived from plants.[12] The State has attempted to create an issue of the third element by stating that Tofurky's current labels *that have*

---

[9] *Id* at 431 (*citing Dombrowski v. Pfister*, 380 U.S. 479, 486–87 (1965)); *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 392 (1988); *accord Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 660 (5th Cir. 2006); *Hous. Chron. Publ'g Co. v. City of League City*, 488 F.3d 613, 618 (5th Cir. 2007)).

[10] *Id.* (*citing Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020) (internal quotations omitted).

[11] Doc. 37-1. Given this unrefuted evidence, it is of no moment that *Barilla* was decided at the pleadings stage rather than the summary judgment stage. Tofurky has presented affirmative, unrefuted evidence that the Act chilled its speech and caused it to engage in self-censorship by refraining from using certain words and images on marketing materials and packages and removing videos from its website and social media in response to the Act. *Id.*; *see also* Doc. 37-2. In the face of a Summary Judgment, the State did not controvert this evidence, and in any event it must be accepted as true for the purpose of determining standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("In response to a summary judgment motion … the plaintiff … must 'set forth' by affidavit or other evidence 'specific facts,' … which for the purposes of the summary judgment motion will be taken to be true."); *see also* Loc. Civ. R. 56(f).

[12] *See* Doc. 37-2, pp. 9-11; Doc. 39, pp. 4-5; Doc. 46, pp. 2-4.

*been presented to the Court* will not be subject to enforcement. As the wisdom of the *Barilla* opinion will demonstrate, the State's assurances do not remove the threat of future enforcement.

Focusing on that threat of future enforcement requirement, the *Barilla* court held that courts must "***assume*** a credible threat of prosecution in the absence of compelling contrary evidence."[13] This requirement follows from the United States Supreme Court's holding that, "where the State has not disavowed any intention of invoking the challenged law, plaintiffs are not without some reason in fearing prosecution."[14] The court held that the City of Houston would have to present "compelling evidence contravening the presumption that [the plaintiff] faces a substantial threat of their future enforcement."[15] Finding that the City of Houston did not present such evidence, nor did it "disclaim its intent to enforce the Busking Ordinances," the Fifth Circuit held that there was a threat of future enforcement and ultimately that the plaintiff has standing to challenge the ordinance.[16]

*Barilla* provides an appropriate roadmap for the Court in the instant matter. The issue is threat of future enforcement, and the Court is obligated to assume a threat of future enforcement, absent compelling contravening evidence. The State has not disclaimed its intention to enforce the Act and instead has emphasized the Act's legitimacy, just as the City of Houston did in *Barilla*. The State attempted to thread the needle by stating that there is no threat of enforcement against the illustrative (not complete) images of product labels in the Complaint. But that is not evidence of a disavowal of or intent not to enforce the Act—especially given that the Complaint specifically states that the Plaintiff has numerous other products, the labels of which are not featured but are

---

[13] *Barilla,* 13 F.4th at 432 (*quoting Speech First*, 979 F.3d at 335). (emphasis added).
[14] *Id.* (*quoting Babbitt v. United Farm Workers Nat. Union,* 442 U.S. 289, 302, 99 S. Ct. 2301, 2310, 60 L. Ed. 2d 895 (1979)) (internal quotations omitted).
[15] *Id.*
[16] *Id.* at 434.

included in the Complaint's allegations, not to mention a depth of marketing that the State may determine runs afoul of the Act, including years of online marketing. Indeed, the State explicitly excluded any labels of Tofurky's that are not reprinted in the Complaint from its disclaimer of an intention to enforce the Act, stating that "the Commissioner makes no representation as to whether any other label of Tofurky would be violative of the provisions of the Act."[17]

In any event, the Fifth Circuit has found that declarations by enforcing officials showing a lack of intention to penalize intended conduct of plaintiffs in a pre-enforcement First Amendment challenge do not qualify as "compelling contrary evidence" sufficient to overcome the presumption of a threat of future enforcement.[18] Disavowing a future intention to enforce a law contrary to the First Amendment cannot solve the constitutional infirmities of statutory language that, on its face, "can in fact cover speech otherwise protected by the First Amendment."[19]

The State has made a clever attempt to narrowly permit certain labeling while maintaining its intent to enforce what is undeniably (and indefensibly) an unconstitutional statute. But despite its acrobatics, the State has failed to present compelling evidence that there is no threat of future enforcement, or of enforcement against the labels that are not attached to the Complaint as illustrative examples. Tofurky has established an injury in fact and thus standing. Where "the claim is that the policy causes self-censorship among those who are subject to it, and the [plaintiff's] speech is arguably regulated by the policy, there is standing."[20]

---

[17] Doc. 36-1, n. 1.
[18] *See Speech First*, 979 F.3d at 336-37. *See also Conchatta Inc. v. Miller*, 458 F.3d 258, 265 (3d Cir. 2006) (citing *Virginia v. Hicks*, 539 U.S. 113, 119 (2003) (holding that "[p]ast practice does not constitute a narrowing construction because it does not bind the enforcement agency, which could, at some point in the future, decide to target a broader range of establishments. This possibility of expanded enforcement creates a chilling effect.").
[19] *Id.* at 337.
[20] *Speech First*, 979 F.3d at 337.

With all its proverbial eggs in the standing basket, the State has failed to present *any* evidence to justify the Act. Yet it is a well-established principle of First Amendment law that "[t]he party seeking to uphold a restriction on commercial speech carries the burden of justifying it."[21] And it is equally settled that this burden "is not satisfied by mere speculation or conjecture; rather, a governmental body seeking to sustain a restriction on commercial speech must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree."[22] Given that Tofurky has standing here, these two principles should all but resolve this case.

The State has not demonstrated that any plant-based meat producer's description (including marketing and labeling) of its products is remotely misleading, and empirical studies cited by Tofurky have concluded that the speech at issue here does not confuse or mislead reasonable consumers. To be constitutional under *Central Hudson*, the State must show the Act "directly advances" a "substantial" government interest and is "not more extensive than necessary" to serve that interest.[23] It has not done so here. It has not even addressed the fact that the Act is attempting to justify governmental speech regulation using government-issued fait accompli definitions of misleading conduct. As other courts have noted, this conduct is "troublingly self-fulfilling," and under these parameters, "[a]ll a state would need to do . . . would be to redefine the pertinent language in accordance with its" agenda and then "all usage in conflict" would be subject to restriction.[24] That is exactly what the State has done here. This "self-evidently circular reasoning" "eviscerate[s] *Central Hudson*" and cannot be allowed to stand.[25] What's more, the abdication of the State's *Central Hudson* burden cannot be squared with commercial speech precedent.

---

[21] *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 71 n.20 (1983).
[22] *Edenfield v. Fane*, 507 U.S. 761, 770–71 (1993).
[23] *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980).
[24] *Ocheesee Creamery LLC v. Putnam*, 851 F.3d 1228, 1238 (11th Cir. 2017).
[25] *Id.*

The Act's unconstitutionally vague language exacerbates the self-censorship it causes. Even exploring the State's reading of the Act, and assuming for purposes of argument that Tofurky's exemplary labels do not violate the Act because they are not misleading, it is not at all clear what "representations" the Act actually prohibits.[26] And the State has never explained what conduct is prohibited by the Act's ban on "[u]tilizing a term that is the same as or deceptively similar to a term that has been used or defined historically in reference to a specific agricultural product."[27] A person of ordinary intelligence cannot discern from either the language of the Act or the Commissioner's position regarding Tofurky's exemplary labels what future labeling practices will or will not be considered violative.[28] Chilled speech and self-censorship will thus continue in the absence of the relief Tofurky seeks in this lawsuit.

## CONCLUSION

Under the standard the State would have the Court apply, the State could deprive every pre-enforcement free speech plaintiff of standing by simply swearing that it has no plans to enforce against *that plaintiff* at *that moment*. Courts have consistently held that is not how standing works. Because the State cannot present compelling evidence of the absence of a threat of future enforcement, Tofurky has met the injury in fact element of standing. Having already established the other two elements of standing—that the injury is traceable to the State's actions and that the injury would be redressed by a favorable ruling—Tofurky has established its standing.

Respectfully Submitted:

*/s/ Tarak Anada*
Tarak Anada (La. Bar No. 31598)
Michael A. Foley (La. Bar No. 35774)
**Jones Walker LLP**

---

[26] *See* Doc. 37-2, pp. 23-24.
[27] La. Rev. Stat. § 3:4744(B)(9).
[28] *See Hill v. Colorado*, 530 U.S. 703, 732 (2000).

{N4490010.1}  7

        201 Saint Charles Avenue, Suite 4900
        New Orleans, LA 70170
        Telephone: (504) 582-8322
        Facsimile: (504) 589-8322
        Email: tanada@joneswalker.com
               mfoley@joneswalker.com

        Scott L. Sternberg (La. Bar No. 33390)
        Graham Williams (La. Bar No. 36731)
        **STERNBERG NACCARI & WHITE LLC**
        935 Gravier Street, Suite 2020
        New Orleans, LA 70112
        Telephone: (504) 331-0888)
        Facsimile: (504) 534-8961
        Email: scott@snw.law
               graham@snw.law

        Amanda Howell (Enrolled *Pro Hac Vice*)
        Animal Legal Defense Fund
        525 East Cotati Avenue
        Cotati, CA 94931

        Caitlin M. Foley (Enrolled *Pro Hac Vice*)
        Animal Legal Defense Fund
        150 South Wacker, Suite 2400
        Chicago, IL 60606

        Laura R. Braden (Enrolled *Pro Hac Vice*)
        The Good Food Institute
        1120 Connecticut Ave. NW, Suite 1080
        Washington, DC 20036

        *Counsel for Plaintiff, Turtle Island Foods SPC d/b/a Tofurky Company*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 10, 2021, a true and correct copy of the foregoing was electronically filed with the Court and served on all counsel of record via the Court's electronic filing system.

                                       */s/Tarak Anada*
                                       TARAK ANADA