UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TURTLE ISLAND FOODS SPC<br>D/B/A TOFURKY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL G. STRAIN, in his official capacity as<br>Commissioner of Agriculture and Forestry,<br><br>Defendant. | Civil Action No. 3:20-cv-00674<br><br>CHIEF JUDGE BRIAN A. JACKSON<br><br>MAGISTRATE JUDGE ERIN<br>WILDER-DOOMES |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

**MAY IT PLEASE THE COURT:**

Plaintiff, Turtle Island Foods SPC d/b/a Tofurky Company ("Tofurky") (hereinafter, "Plaintiffs"), has moved this Honorable Court for an award of attorney's fees as a prevailing party under 42 U.S.C. § 1988, as instructed by this Court in its March 28, 2022 Order. The Plaintiff's Motion should be granted for all the reasons set forth herein.

**INTRODUCTION**

On March 28, 2022, this Honorable Court granted Summary Judgment in favor of Plaintiff, holding that Louisiana's 2019 Act No. 273 was ruled unconstitutional under the First Amendment to the United States Constitution, as it is an impermissible prior restraint on commercial speech.[1] In the Court's extensive ruling, it withheld final judgment "pending Plaintiff's motion for costs and attorney's fees pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54."[2] As

---
[1] Rec. Doc. 53.
[2] *Id.*

1

a prevailing party, Tofurky is entitled to an award for its attorneys' fees and costs. In the instant Motion, Plaintiff avers that the fees submitted are reasonable, and therefore it should be awarded the full amount of attorney's fees and costs sought $**107,621.90.**

## RELEVANT FACTS

The facts of this action were established via summary judgment and recited in this Court's ruling, which is incorporated by reference as if repeated herein *in extenso*.[3]

### A. Procedural History.

Procedurally, the case has included the extensive research of and filing of a Complaint.[4] This case was one of industry-wide importance, and so Plaintiff's counsel worked painstakingly to present the argument succinctly. Plaintiff sought declaratory and injunctive relief. Over the course of several conversations and pleadings, and a status conference with the Court, Plaintiff learned that Defendant did not immediately intend to enforce the unconstitutional statute, and so a preliminary injunction was not sought so as to save on cost and the court's time.

Defendant filed a Motion for Summary Judgment.[5] Plaintiff then filed its own, extensive Motion for Summary Judgment, including a twenty-seven-page memorandum in support.[6] Plaintiff moved for and was granted oral argument.[7] The parties filed oppositions to each other's motions for summary judgment.[8] Plaintiff filed a reply brief.[9] The parties presented oral argument on their cross motions on November 15, 2021, at which time the Court ordered post-trial briefing.[10] The parties both filed their post-trial briefing.[11]

---

[3] Rec. Doc. 53.
[4] Rec. Doc. 1.
[5] Rec. Doc. 36.
[6] Rec. Doc. 37.
[7] Rec. Doc. 38 ; 40.
[8] Rec. Doc. 39 ; 45.
[9] Rec. Doc. 46.
[10] Rec. Doc. 49.
[11] Rec. Doc. 51-52.

In a nod to the complexity of the issues presented, the Court issued a twenty-page *Ruling & Order*.[12] In the Court's extensive ruling, it withheld final judgment "pending Plaintiff's motion for costs and attorney's fees pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54."[13] Of note, the Defendant has already moved to appeal, despite the lack of a final judgment.[14]

**B. Plaintiff Moves for Attorneys' Fees.**

Plaintiff now moves for an award of fees and costs. Current invoices on this matter and a detail on hours billed are attached *in globo* as **Exhibit A**. Scott Sternberg's hourly rate on this matter was $300 per hour and Graham Williams' hourly rate on this matter was $240 per hour. Mr. Sternberg and Mr. Williams billed 69 hours collectively on this matter and represent their experience and the billing practices of Sternberg, Naccari & White, LLC, in Mr. Sternberg's declaration, attached hereto.

Tarak Anada's hourly rate on this matter was discounted to $380 per hour. Mr. Anada significantly discounted his rate, and wrote off the work of his staff and associates at Jones Walker, billing 30 hours total. Amanda Howell's hourly rate on this matter, which normally is set at $672 per hour was changed to $380 per hour to match Mr. Anada's rate. Ms. Howell reduced her organization's billed hours to 100 hours as reflected in her declaration. Further, the lawyers at the Good Food Institute billed significant hours, and reduced their billed hours to 100 total, also matching Mr. Anada's rate at $380. ***See Exhibit A, in globo.***

Attached as **Exhibits B, C, and D** are the declarations of three prominent civil rights and First Amendment lawyers currently practicing in Louisiana, Katie Schwartzmann, Dan Zimmerman, and Alysson Mills, who all attest to the reasonableness of the fee awards requested.

---

[12] Rec. Doc. 53.
[13] *Id.*
[14] Rec. Doc. 54.

## **LAW AND ARGUMENT**

42 U.S.C. 1988 provides that in "any action" to enforce a provision of Section 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the cost."[15] The U.S. Supreme Court has found that in a fee request under 42 U.S.C. § 1988, the requestor must prove that they were a "prevailing party" in the proceeding and that the fee request is "reasonable."[16] Here, neither of these points should be disputed. Not only is the Plaintiff a prevailing party, the Plaintiff's attorneys have exercised significant billing judgment and their request is reasonable.

### A. **Plaintiff is a Prevailing Party.**

The Plaintiff prevailed on its Motion for Summary Judgment and was awarded complete relief.[17] In the instant case, it cannot reasonably be disputed that the Plaintiff is not a prevailing party. Plaintiff prevailed on every element of its claim, and the Court declared the statute unconstitutional.

### B. **The Award Sought is Reasonable.**

The most important factor in determining the reasonableness of a fee award, according to the U.S. Supreme Court, is the "degree of success obtained."[18] In the instant case, there can be no debate: Plaintiff was completely successful in its attempts to eliminate this unconstitutional law from infringing upon its speech, and chilling its speech. In calculating fees, the Fifth Circuit has used a two-step analysis: first, the Court calculates the lodestar figure, which multiplies "the number of hours reasonably expended in the case by the prevailing hourly rate for legal services

---

[15] 42 U.S.C. 1988(b)
[16] *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).
[17] Rec. Doc. 53.
[18] *Hensley,* 461 U.S. at 433.

4

in the district."[19] The burden of proving reasonableness is "on the fee applicant."[20] Counsel for Plaintiff is required to prove that they exercised "billing judgment" to "exclude all time billed for work that is excessive, duplicative, or inadequately documented."[21] After determining the lodestar, the Court may make downward (or upward) adjustments based on the twelve *Johnson* factors.

   1. **The Lodestar Figure**

      a. <u>Reasonable Hours Were Expended.</u>

A team of attorneys worked on this complex constitutional challenge. Sternberg, Naccari and White provided First Amendment expertise, the Good Food Institute and the Animal Legal Defense Fund provided primary drafting and nationwide policy expertise, and Jones Walker brought its significant litigation practice to bear.

Hours billed for this matter included client intake, researching and drafting the Complaint, legal research on potential claims, negotiating potential settlement and the entrance of an unofficial injunction, and the researching, drafting and arguing cross motions for summary judgment, including post-hearing briefing. It should be noted that the GFI had the departure of its primary counsel, Nigel Barrella, at the outset of the litigation, at which point Laura Braeden took over the primary laboring oar. All the attorneys involved, and particularly those from ADF and GFI, have written off significant staff and attorney time in the exercise of billing judgment—in addition, those counsel from outside the state have matched their rate to Mr. Anada's rate despite their standard rates in those areas (and in many other areas of the country) being significantly higher.

---

[19] *Hernandez v. U.S. Customs & Border Prot. Agency,* 2012 WL 398328 at *13 (E.D. La. Feb. 7, 2012) (Barbier, J.)
[20] *Id.*
[21] *Id.* at *14.

Ultimately, the amounts billed and attorneys fees awards hereby requested are:

| Attorney | Rate Requested | Hours Billed | Award Requested |
|---|---|---|---|
| Scott L. Sternberg | $300 per hour | 50 | $15,000 |
| Graham H. Williams | $240 per hour | 19 | $4,560 |
| Tarak Anada | $380 per hour | 30 | $11,400 |
| Amanda Howell (ADF) | $380 per hour | 100 | $38,000 |
| Laura Braeden (GFI) | $380 per hour | 100 | $38,000 |
| **TOTAL:** | | 299 | $106,960 |

b. <u>The Hourly Rates Are Reasonable.</u>

The Fifth Circuit has found that a reasonable hourly rate must be established based on "prevailing community standards for attorneys of similar experience in similar cases."[22] The goal is to produce a fee award that attracts competent counsel, and this is best determined by awarding a rate customarily charges as affirmed by counsel with comparable skill and experience.[23] It should be noted that the hourly rates normally charged by those lawyers at the GFI and ADF are more than double that which was requested herein. Those lawyers matched their hourly rate to the rate of Tarak Anada, an experienced lawyer at one of Louisiana's most respected law firms who had already discounted his regular rate to $380 per hour. As this Honorable Court can see from the attached Declarations (Exhibit B, C, and D), the amounts billed are well supported and reasonable. In fact, Katie Schwartzman, director of the First Amendment Clinic at Tulane Law School, noted in her declaration that the rates charged "in fact seem low for attorneys of their experience level handling a First Amendment case." **Exhibit B, ¶**11.

A requested hourly rate is "*prima facie* reasonable when the attorney requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of the

---

[22] *Shipes v. Trinity Industries,* 987 F.2d 311, 319 (5th Cir. 1993).
[23] *LP&L Co. v. Kellstrom*, 50 F. 3d 319, 218 (5th Cir. 1995).

6

prevailing market rates, and the rate is not contested."[24] A lodestar is presumptively reasonable.[25] Moreover, Courts have awarded fees in the amount sought, especially given the efficiency of the bills submitted. *See, e.g., Hernandez v. U.S. Customs and Border Protection Agency,* 2012 WL 398328 (E.D. La. Feb. 7, 2012) ($300 per hour for eight years experience and specialized in the field); *Gulf Coast Facilities Mgmt, LLC v. BG LNG Servs, LLC,* 2010 WL 2773208 (E.D. La. July 13, 2010) ($300 per hour for 17 years of experience); *McIntyre v. Gilmore,* 2015 WL 4129378 (E.D. La. July 8, 2015) (Brown, J.) ($250 per hour, a "discounted" rate voluntarily offered by counsel); *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 2011 WL 2214765, at *8 (E.D. La. June 1, 2011) (awarding hourly rates of $295 to $420 for partners and $180 to $195 for associates); *Board of Sup/rs of Louisiana State University v. Smack Apparel Co.,* 2009 WL 927996 (E.D. La. April 2, 2009) ($325 per hour for 10 years experience); *DirecTV, LLC v. Habip ERTEM*, 2015 WL 459398, at *3 (E.D. La. Feb. 3, 2015) (finding that $350/hour for partners and $250/hour for associates in New Orleans market were reasonable rates); *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC*, 2014 WL 5039670, at *8 (E.D. La. Sept. 25, 2014) (approving hourly rates of $325/hour for an attorney with 19 years of experience, $275/hour for an attorney with 7 years of experience, and $225/hour for an attorney with 4 years of experience).

### 1. *Sternberg, Naccari & White, LLC Hours*

As noted in his Declaration, Mr. Sternberg is a recognized First Amendment and media litigator in this market. In addition to his business and media practice at Sternberg, Naccari & White, LLC, Mr. Sternberg was a Professional-in-Residence at Loyola University's School of Mass Communication, and currently serves as General Counsel to the Louisiana Press Association, *The Times-Picayune,* and *The Advocate.* Mr. Sternberg also represents several television stations

---

[24] *Hornbeck Offshore v. Salazar,* 2011 U.S. Dist. LEXIS 59846, *24 (E.D. La. June 1, 2011).
[25] *Saizan v. Delta Concrete Prods. Co., Inc.,* 448 F.3d 795, 800 (5th Cir. 2006).

in the southeast and national publications such as *USA Today*. Given Mr. Sternberg's considerable First Amendment experience, academic qualifications, and specialization in the field, $300 per hour (a discount from his regular rate) is reasonable.

It is respectfully submitted that Mr. Williams rate of $240 is also reasonable, as he has significant litigation experience, and exercised considerable billing judgment before submission to this Honorable Court. His 16 hours of work assisted in the finding of Summary Judgment for the Plaintiff, post-trial work, and resolution of the matter.

### 2. *Jones Walker's Hours*

Assisting as local counsel in this matter was Tarak Anada, who along with his team at Jones Walker, one of the most respected law firms in Louisiana, provided important assistance with strategy and the resolution of this matter through the filing of the successful Motion for Summary Judgment. Mr. Anada, a seasoned litigator with significant federal experience, teaches at LSU and is admitted to practice in both Louisiana and Texas. Mr. Anada billed only 30 hours at a discounted rate of $380 per hour. Of note, and as stated in his declaration, the hours of Mr. Anada's associates, staff, and paralegals are not being submitted for award in a further exercise of billing judgment.

### 3. *Animal Legal Defense Fund and Good Food Institute Hours*

Bringing national consumer and food product expertise and counsel in this matter were the Good Food Institute and the Animal Legal Defense Fund. The Good Food Institute is a 501(c)(3) based in Washington, D.C., that exists to address the food industry's contribution to climate change, antimicrobial resistance, and environmental degradation. GFI works to "make alternative proteins accessible, affordable, and delicious."[26] The Animal Legal Defense Fund's mission is to protect the lives and advance the interests of animals through the legal system.[27]

---

[26] https://gfi.org/about/
[27] https://aldf.org/about-us/

8

Both the ADF and the GFI provided crucial briefing and insight into the unconstitutionality of this statute. Both Ms. Howell and Ms. Braeden, both seasoned litigators in these types of matters around the country, were essential to the drafting and positioning of the case. As explained in both of their declarations, their hourly rates are nearly double what is being submitted, a match of Mr. Anada's rate at $380, and all of the time spent by the staff, other attorneys at their non-profits, and extraneous time has been written off to a request of 100 hours per entity.

**2. The *Johnson* Factors Further Support the Award Sought.**

The twelve Johnson factors warrant the award. They are: (a) the time and labor required; (b) the novelty and difficulty of the question; (c) the skill requisite to perform the legal service; (d) the preclusion of other employment by the attorney due to the acceptance of the case; (e) the customary fee; (f) whether the fee is fixed or contingent; (g) time limitations imposed by the client or the circumstances; (h) the amount involved and the results obtained; (i) the experience, reputation, and ability of the attorneys; (j) the "undesirability" of the case; (k) the nature and length of the professional relationship with the client; and (l) awards in similar cases.[28]

In *Perdue v. Kenny A. ex rel Win,* the U.S. Supreme Court found that an enhancement of a fee is indeed "rare" or "exceptional." An enhancement:

> [M]ay be appropriate where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation. This may occur if the hourly rate is determined by a formula that takes into account only a single factor (such as years since admission to the bar) or perhaps only a few similar factors. In such a case, an enhancement may be appropriate so that an attorney is compensated at the rate that the attorney would receive in cases not governed by the federal fee-shifting statutes. But in order to provide a calculation that is objective and reviewable, the trial judge should adjust the attorney's hourly rate in accordance with specific proof linking the attorney's ability to a prevailing market rate.[29]

---

[28] *Curry v. Lou Rippner, Inc.*, No. CV 14-1908, 2016 WL 236053, at *2 (E.D. La. Jan. 20, 2016) (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).
[29] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554–55, 130 S. Ct. 1662, 1674, 176 L. Ed. 2d 494 (2010)

The Supreme Court's reasoning fits this case like a glove: this group of attorneys took on a significant challenge, "on the come" – in that they would only be paid if they were completely successful. Those attorneys worked for two years without compensation, and in addition have, consistent with Fifth Circuit precedent, appropriately exercised billing judgment in either cutting their hourly rates, the attorney's fees of others working on the action, or wholesale write offs of their time or staff time. The Fifth Circuit has said "[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel."[30]  The *Johnson* factors weigh in favor of an upward adjustment from that requested, but at the very least they should lead this Court to adjust any lodestar amount below the amount Plaintiff's originally requested fees back to the amount of fees originally sought.

    a.   The Result Obtained.

As noted above, the U.S. Supreme Court has said that the most important factor in determining the reasonableness of a fee award is the "degree of success obtained."[31] Here, Plaintiff was fully successful in its Motion for Summary Judgment. This Court's Order granting the Plaintiff's Motion for Summary Judgment mirrors the relief requested by Plaintiff. Plaintiff therefore deserves no less than the full fee sought.

    b.   The Novelty and Difficulty of the Question.

This suit not only involved complex issues of free speech, and particularly commercial speech, it presented unique arguments regarding standing. The parties were obligated to extensively brief issues of prior restraint and whether the statute was unconstitutional on its face

---

[30] *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998).
[31] *Hensley,* 461 U.S. at 433.

10

or as applied. The Defendant also raised standing and argued that there was a lack of injury upon which Plaintiff could base its claim. Finally, defendant raised abstention as a novel defense. While Plaintiff fought to maintain focus on its straightforward constitutional challenge, it was forced to expend time and resources briefing and arguing complex and often novel arguments.

    c. <u>The Skill Required.</u>

The *Johnson* court noted a desire to attract "competent counsel worth of a contest with the caliber of counsel available to their opposition."[32] In the instant case, the Plaintiff has requested an attorney's fee that they believe would adequately ensure that skilled counsel are attracted to take on such complicated and economically risky litigation in the future. This case involved a comprehensive understanding of complex principles of constitutional law and standing. Such an award would adequately compensate Plaintiff's counsel and help attract other counsel to advocate against unconstitutional laws that infringe upon the rights of citizens.

    d. <u>The Preclusion of Employment by the Attorney Due to Acceptance of the Case.</u>

This factor probably does not warrant any adjustment, as Plaintiff's counsel was not prohibited from any other employment, other than that which counsel could not take on due to lack of capacity. Representation of the Plaintiff was somewhat risky given counsel's desire for a working relationship with the State and its politicians. While this factor may not warrant an upward adjustment, it does further the granting of Plaintiffs' requested attorneys' fees as applied for.

    e. <u>The Customary Fee.</u>

As noted above, the rates charged by counsel in this matter are in line with the rates customarily charged in this market for First Amendment and civil rights attorneys regularly practicing and are eminently reasonable.

---

[32] *Johnson,* 488 F.2d at 719.

f. <u>Whether the Fee is Fixed or Contingent.</u>

Counsel for the Plaintiff took on this important litigation without any guarantee that they would be paid unless they were successful. Counsel for the Plaintiff notes that there was a great deal of risk to take given the complexity of this case and the amount of briefing required. Having fully committed to this case, counsel invested hundreds of billable and non-billable hours into the case, because they believed in the important constitutional principles at stake. Thus, this factor warrants an upward adjustment of the bill.

g. <u>Time Limitations Imposed by the Clients.</u>

This factor probably does not apply, as the case was not subject to strict time limitations.

h. <u>The Time and Labor Involved.</u>

As evidenced in the attached Declarations attached as Exhibit B, C, and D, and the declarations and billing records attached as Exhibit A (*in globo*), this matter has required considerable time and effort.

i. <u>The Experience, Reputation, and Ability of the Attorneys.</u>

As evidenced in the attached Declarations, Plaintiff's attorneys have a significant amount of experience and ability in the areas of representation. Stenrberg, Naccari & White, LLC is well known for its First Amendment litigation experience. Jones Walker is one of the most respected law firms in Louisiana if not the southeast. The attorneys at GFI and ADF in particular have significant experience in consumer litigation. This factor warrants an upward adjustment.

j. <u>The "Undesirability of the Case."</u>

This factor warrants an upward adjustment. The suit sought to declare what appeared to be relatively popular legislation unconstitutional. The legislation was passed, and it was supported by

more than a majority of the Louisiana Legislature. An outpouring of thanks and well-wishes from local and national vegetarian and vegan community evidences that the task of representing a non-traditional industry against entrenched agricultural interests made the case "undesirable."

      k.  <u>Nature and Length of the Professional Relationship with the Client.</u>

This factor probably does not warrant any adjustment.

      l.  <u>Awards in Similar Cases.</u>

As noted above, the Eastern District of Louisiana has fashioned fee awards at least somewhat similar to that which is requested here.

## C. **Costs Should Be Awarded in Full.**

Plaintiffs' costs are recoverable as a matter of law, as "reasonable out-of-pocket expenses…are plainly recoverable in section 1988 fee awards because they are a part of the costs normally charged to a fee-paying client."[33] Here, the Plaintiff's costs are merely $400 for the filing fee and $261.90 for transcription of a legislative hearing. These costs were borne by the Sternberg, Naccari & White firm, and should be awarded in full as they cannot reasonably be contested.

## **CONCLUSION**

Plaintiff is entitled to attorneys' fees and costs as the prevailing party in connection with this matter. All that remains is to determine the amount that should be awarded. The Plaintiff has incurred substantial attorneys' fees in this action. The case was made more complex by Defendant raising complicated arguments regarding standing and abstention. None of that additional complexity, it should be noted, is the fault or responsibility of the Plaintiff's able and professional counsel.

---

[33] *Assoc'd Builders & Contractors of Louisiana, Inc., v. Orleans Parish School Board,* 919 F.2d 374, 380 (5th Cir. 1990).

The amount sought by the Plaintiff for its attorneys' fees and costs is entirely reasonable considering prevailing rates and practices and the *Johnson* factors as described further herein, *supra*. Most notably, under *Johnson*, the Plaintiff was overwhelmingly successful in protecting its Constitutional rights. Given the reasonableness of the amount claimed, the Plaintiff prays for an order of this Honorable Court awarding the full amount sought: $106,960.00 in attorneys' fees and $661.90 in costs, for a total award of $**107,621.90.**

Respectfully Submitted:

*/s/ Scott L. Sternberg*
Scott L. Sternberg (La. Bar No. 33390)
Graham Williams (La. Bar No. 36731)
**STERNBERG NACCARI & WHITE LLC**
935 Gravier Street, Suite 2020
New Orleans, LA 70112
Telephone: (504) 331-0888)
Facsimile: (504) 534-8961
Email: scott@snw.law
         graham@snw.law

Tarak Anada (La. Bar No. 31598)
Michael A. Foley (La. Bar No. 35774)
**Jones Walker LLP**
201 Saint Charles Avenue, Suite 4900
New Orleans, LA 70170
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
Email: tanada@joneswalker.com
         mfoley@joneswalker.com

Amanda Howell (Enrolled *Pro Hac Vice*)
Animal Legal Defense Fund
525 East Cotati Avenue
Cotati, CA 94931

Caitlin M. Foley (Enrolled *Pro Hac Vice*)
Animal Legal Defense Fund
150 South Wacker, Suite 2400

Chicago, IL 60606

Laura R. Braden (Enrolled *Pro Hac Vice*)
The Good Food Institute
1120 Connecticut Ave. NW, Suite 1080
Washington, DC 20036

*Counsel for Plaintiff, Turtle Island Foods SPC d/b/a Tofurky Company*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2022, a true and correct copy of the foregoing was electronically filed with the Court and served on all counsel of record via the Court's electronic filing system.

/s/Scott L. Sternberg
SCOTT L. STERNBERG