UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TURTLE ISLAND FOODS SPC | * | CIVIL ACTION |
| VERSUS | * | NO. 20-00674-BAJ-EWD |
| MICHAEL G. STRAIN, | * | |
| *in his official capacity as Commissioner* | * | |
| *of Agriculture and Forestry* | * | |
| | *   *   * | |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Defendant, Michael G. Strain, in his official capacity as Commissioner of Agriculture of Forestry submits his opposition to the motion for attorney's fees, costs and expenses filed on behalf of the Plaintiff and seek a proper calculation of the lodestar amount and also a downward adjustment in accordance with the *Johnson* factors for Plaintiff's counsel, Scott Sternberg ("Sternberg"), Graham Williams ("Williams"), Tarak Ananda ("Ananda"), Amanda Howell ("Howell"), Lauren Braden ("Braden"), Jessica Almy ("Almy"), Nigel Barrella ("Barrella"), and Madeline Cohen ("Cohen" hereinafter collectively referred to as "Plaintiff's Counsel").

## I.    Basis To Properly Calculate and Adjust Downward Plaintiff's Counsel's Lodestar Amount

Plaintiff's Counsel seeks excessive fees of $107,621.90. for the alleged work performed by Sternberg, Williams, Anada, Howell, Braden, Almy, Barrella, and Cohen.  However, as detailed herein, the lodestar amount should be more properly calculated and adjusted downward because of the following:

a)    Plaintiff's Counsels' hourly rate of $300.00/hour - $380.00/hour is excessive for this jurisdiction.  The more reasonable and customary hourly rate within the Federal Districts of Louisiana for an attorney with relevant experience is more appropriately $275.00 per hour;

b)    Plaintiff's Counsel failed to exercised appropriate billing judgment; time entries are unacceptably vague and incomplete; duplicitous, and contain non-productive work; and

Further in accordance to the factors articulated within *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 715 (5th Cir. 1974), Defendant respectfully suggests the lodestar amount requires a downward adjustment

## II.    LAW AND ANALYSIS

### A.    Lodestar Method, *Johnson* Factors and Reasonable Hourly Rates

There is no dispute that the Court utilizes the "lodestar" method to determine the proper and reasonable attorneys' fees for any award to Plaintiff's Counsel.  The lodestar, of course, is a simple calculation wherein the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate. *McLain v. Lufkin Indus. Inc.*, 519 F3d 264, 284 (5TH Cir. 2008); *see also United States ex rel McNeil v. Jolly*, 451 F. Supp. 3d 657, 669 (E.D. La. 2020)(relying heavily upon *McLain v. Lufkin Indus. Inc*., to provided a detailed analysis of the lodestar method and a subsequent application of the *Johnson* factors to award fees and costs after resolution in *qui tam* matter).

However, the United States Fifth Circuit has been very clear, that when calculating the lodestar amount, "special heed" should be give to the following *Johnson* factors 1, 5, 8 and 9, when determining the appropriate fees for any counsel.  *Migis v. Pearle Vision*, 135 F3d 1041, 1047 (5th Cir. 1998), *see also United States ex rel McNeil, supra.*, at p. 11 (citing *Migis v. Pearle Vision*):

Factor 1:    The time and labor required to represent the clients;

Factor 5:    The customary fees charged for those services in the relevant community;

Factor 8:     The amount involved (in the litigation) and the results obtained; and,

Factor 9:     The experience, reputation and ability of the attorney.

### (i)     Reasonable Hourly Rates

An attorney's requested hourly rate is prima facie reasonable when he/she requests that (1) the lodestar be computed at his/her customary billing rate, (2) the rate is within the range of prevailing market rates and (3) the rate is not contested. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

### (ii)     Relevant Years of Experience and Prior Awarded Hourly Rates Are Dispositive Factors in Determining Market Rate

When determining the range of a prevailing market rate, Courts within the United States Fifth Circuit have found dispositive factors to be an attorney's relevant years of experience and prior awarded hourly rates. *See Smith v. Bd. of Commissioners of Louisiana Stadium & Exposition Dist.*, No. CV 17-7267, 2019 WL 7580771, at *6 (E.D. La. Sept. 5, 2019)(citing *Mark v. Sunshine Plaza, Inc.*, 2018 WL 1960022, at *6 (E.D. La. Apr. 26, 2018); *Herbert v. New Orleans City*, 2017 WL 3216583, at *9 (E.D. La. July 28, 2017); *Carrier v. Weber Prop. Grp., L.L.C.*, 2017 WL 4226161, at *1 (E.D. La. Sept. 21, 2017); *Mark v. Covington City*, C.A. No. 15-5977; *Falls v. Comm'r*, 2017 WL 2730781, at *10).

Recently, in *Smith, supra,* an attorney was found entitled to an hourly rate of $200.00 per hour, after having practiced law for only six (6) years.  However, important to the Court's determination was that all of those six (6) years were solely dedicated to advocating for the rights of disabled persons.  Of further importance was the fact that the young attorney had been involved in more than 200 ADA cases; and he had a documented history of victories in the

United States District Court for the Eastern District of Louisiana, wherein he motioned multiple times for attorney fees. This experience provided significant documentation of his rate of pay, beginning in 2017, at $150.00 to $175.00 per hour for three (3) to five (5) years experience, respectively. Accordingly, the Court found that because this attorney's "..knowledge, expertise and judgment [had] increased dramatically with his enhanced experience... [his] sufficient years of relevant practice expertise and experience.. justified an increase [from $175.00] to $200.00 per hour." *Smith,* 2019 WL 7580771, at * 6 (citations omitted of the multiple cases providing the subject attorney's rate pay over the years).

The *Smith* Court also determined that $285.00 per hour was a reasonable rate for an attorney, practicing law for sixteen (16) years, much of which was focused on complex litigation and contract law, however, it included involvement in over 250 ADA cases. Additionally, the Court, again, examined this particular attorney's prior hourly-rate awards in his prior ADA cases and found that he and attorneys with similar experience in ADA cases in this market had been awarded $275.00 to $350.00 per hour**.** The Court's final assessment was that, "... if [attorney] continues on the current ascending arc of his practice, he will become eligible for an increase in his awardable rate at a suitable milestone of years of experience. *Id.* at * 7. 6 (citations omitted of the multiple case providing the subject attorney's rate pay).

Most notably, in paragraph 12 of his Declaration, Mr. Sternberg cites to his litigation experience including several 1983 actions. Sternberg cites the case of *Bode v. City of Kenner,* Eastern District of Louisiana, 17-5483. Similarly, in *Bode,* Mr. Sternberg filed a Motion for Attorney's fees as a prevailing party. Judge Nannette Jolivette Brown granted his request for fees, but not before reducing Mr. Sternberg's requested hourly rate of $300 to $275, and that of

his partner and associate being reduced proportionately by $25 per hour. *Bode v. Kenner City*, 2018 U.S. Dist. LEXIS 169099, *1, 2018 WL 4701541.

Accordingly, Defendant Michael G. Strain, in his official capacity as Commissioner of Agriculture of Forestry respectfully requests that this Court reduce the hourly rate for all of Plaintiff's Counsel in accordance with the jurisprudence as outlined above.

### B.    Hours Reasonably Expended and Required Billing Judgment

Parties seeking attorneys' fees bear the burden of demonstrating the reasonableness of the hours billed, which historically has been referred to as proving the exercise of billing judgment. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)(citations omitted). Billing judgment requires the following:

1)    Documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant;

2)    Proof of hours charged by acknowledging the use of and submitting documents of contemporaneous billing records, and invoices, and by affidavits; and

3)    Documentation that is descriptive enough to identify the nature of the work performed and its subject matter.

These specifics are required so the Court can determine whether the time alleged was reasonably expended on the litigation; and/or whether that time was excessive; and/or whether the work performed was clerical or non-legal and not recoverable. *Saizan* 448 F.3d at 799; *see also Gagnon v. United Technisource, Inc*. 607 F.3d 1036, 1044 (5th Cir. 2010).

### (i)    Vague and Insufficient Entries

A Court has broad discretion to exclude or reduce hours, and often does, for entries that do not demonstrate the required billing judgment. *Walker v. City of Mesquite, TX* 313 F3d 246,

252 (5th Cir. 2002). Specifically, Courts within the United Stated Fifth Circuit have excluded time allegedly expended due to the following vague and inadequate entries:

1)   "Conference w/ client," without any additional details regarding the issues addressed at such conferences, *United States ex rel McNeil,* 451 F.Supp. at 672;

2)   "Review documents," without any other descriptive information; *Id.* at 673

3)   "Review additional client documents," *Id.*

4)   "Analyzing documents," "phone interviews" *Id.* (citing *Louisiana Power*, 50 F.3d 319, 324 (5th Cir. 1995)(finding these entries woefully inadequate to support a fee application);

5)   "Work on Brief" and Review for Oral Argument" *Id.* (citing *Leroy v. City of Houston*, 906 F.2d 1068, 1080 (1990), which struck these entries as vague as to precisely what was done);

6)   "Prepare letter," *Id.* at 674.

As noted above, a Court has broad discretion to exclude or reduce hours, and often does, for entries that do not demonstrate the required billing judgment. *Walker v. City of Mesquite, TX* 313 F3d 246, 252 (5th Cir. 2002). Plaintiff Counsel's bills are riddled with many examples of vague and insufficient entries. A small sampling includes the following:

1. Nigel Barrella – 11/6/20 – meeting with co-counsel group; notes

2. Nigel Barrella – 11/6/20 – meeting with co-counsel group; notes

3. Nigel Barrella – 1/6/22 – emails with co-counsel re meeting

4. Nigel Barrella – 1/8/21 call with co-counsel; notes

5. Tarak Anada – 9/29/20 – call with Scott Sternberg and client, review documents

6. Tarak Anada – 11/23/20 – analyzed answer

7. Tarak Anada – 11/03/20 – telephone status conference

8. Tarak Anada – 12/16/20 – analyzed status report

9. Tarak Anada – 12/23/20 – analyzed scheduling order

10. Tarak Anada – 11/8/21 – call with client regarding Friday moot

11. Tarak Anada – 11/29/21 – Meeting of co-counsel group

12. Amanda Howell – 11/15/21 – prep MSJ oral argument

13. Amanda Howell – 11/11/21 – prep MSJ oral argument

14. Amanda Howell – 10/06/21 – prep for oral argument MSJ

15. Amanda Howell – 10/05/21 – prep for oral argument MSJ

16. Amanda Howell – 09/29//21 – prep for oral argument MSJ

17. Amanda Howell – 09/28/21 – prep for oral argument MSJ

18. Amanda Howell – 07/20/21 – finalize opp def MSJ

19. Amanda Howell – 06/17/21 – finalize MSJ

20. Amanda Howell – 10/06/20 – edits to complaint

Additionally, defendant Michael G. Strain, in his official capacity as Commissioner of Agriculture of Forestry respectfully asks this Court to review the administrative tasks and inter-office communications between co-counsels billed in the documentation put forth in support of the Motion. *Gros v. New Orleans City*, 2014 WL 2506464, at *8-*9, *13 (E.D. La. June 3, 2014). Billing for these types of tasks should be excluded from any attorney fee award.

Accordingly, Defendant Michael G. Strain, in his official capacity as Commissioner of Agriculture of Forestry respectfully requests that Plaintiff Counsel's time containing vague an insufficient descriptions be excluded from consideration for any fee award.

      **(ii)**    **Excessive, Duplicative, Unsuccessful, Futile or Wasteful Litigation Efforts**

*Smith v. Bd. of Commissioners of Louisiana Stadium & Exposition Dist.*, *supra*, provides

the following guidance with respect to excluding unnecessary entries:

> As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded. For example, courts in the Fifth Circuit typically compensate travel time at only 50% of the attorney's rate in the absence of documentation that any legal work was accomplished during travel time.

> Federal courts also typically deny attorney's fees for unsuccessful, futile or wasteful litigation efforts because such fees cannot be characterized as reasonable. The court must "carefully consider the successful and unsuccessful portions of the case as well as the reasonable and unreasonable fees claimed by Plaintiffs."

*Smith,* 2019 WL 7580771, at *5 (citing *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993);

*Montanez v. Simon*, 755 F.3d 547, 555–56 (7th Cir. 2014) (affirming percentage reduction in

lodestar when plaintiff "lost four of his six claims" and received small amount of damages in

civil rights case); *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 211 (5th Cir. 1998)

(court did not abuse discretion in reducing fees for time spent pursuing unsuccessful claim and to

reflect limited success on other issues).

As noted above, all time that is excessive, duplicative or inadequately documented

should be excluded.  *Smith,* 2019 WL 7580771, at *5 (citing *Watkins v. Fordice*, 7 F.3d 453,

458 (5th Cir. 1993); *Montanez v. Simon*, 755 F.3d 547, 555–56.

Immediately what jumps off the page of Plaintiff's Counsels' bills is the amount of

duplicative time spent preparing for oral argument for the motion for summary judgment.  To the

best of trial counsel's recollection, only one attorney for plaintiffs argued their motion for

summary judgment.   Yet, Plaintiff's Counsel has collectively submitted time entries for

**approximately 63.4 hours of prep time for oral argument and attendance at the hearing**.

While their may be multiple attorneys that comprise Plaintiff's Counsel in this matter, given

their purported expertise, and the fact that not all attorney's participated in the oral argument, there was no need to duplicate and undertake unnecessary efforts to prepare for oral argument.  This duplication of work appears to extend to many of the pleadings drafted and other tasks associated with this case.

Furthermore, in addition to the duplication of work by Plaintiff's multiple attorneys, the individual attorney's themselves appearing to have duplicated their own efforts.   For example:

1.  Amanda Howell – 09/21/20 – draft client engagement agreement – 1.4 hrs

2.  Amanda Howell – 09/21/20 – draft client engagement agreement – 1.4 hrs

Accordingly, Defendant Michael G. Strain, in his official capacity as Commissioner of Agriculture of Forestry respectfully requests that Plaintiff Counsel's duplicative work be excluded from consideration for any fee award.

**WHEREFORE**, Defendant Michael G. Strain, in his official capacity as Commissioner of Agriculture of Forestry, respectfully requests this Court fully evaluate the bills put forth by Plaintiff's Counsel to determine whether such are reasonable in light of the foregoing case law.

Respectfully Submitted,
BERRIGAN LITCHFIELD, LLC

*/s/ E. JOHN LITCHFIELD*
E. JOHN LITCHFIELD (#8622)
Email: jlitchfield@berriganlaw.net
MICHAEL J. MARSIGLIA (30271)
Email: mmarsiglia@berriganlaw.net
111 Veterans Memorial Blvd.
Suite 1720 Heritage Plaza
Metairie, LA 70005-3028
(504)568-0541
Attorney for Michael G. Strain, in his official
capacity As Commissioner of Agriculture and
Forestry

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 17, 2022, I filed electronically the foregoing Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees and Costs with the Clerk of Court using CM/ECF, which will send notification to such filing to all enrolled counsel of record by operation of the Court's electronic filing system.

<u>*/s/E. John Litchfield*</u>
**E. JOHN LITCHFIELD**